## ATTACHMENT TO COMPLAINT - HERMAN WILKINS

Mr. Wilkins worked for Transdev as a Utility Service Worker, beginning his employment on November 12, 2019. At all relevant times, Mr. Wilkins reported to Mr. Antonio "Tony" Jenkins, Assistant Director.

On or around September 24, 2020, Mr. Wilkins's Department of Transportation ("DOT") Medical Certification expired, putting his Commercial Drivers' License ("CDL") in pending status. In an attempt to resolve the medical issues, in October and November 2020, Mr. Wilkins underwent a sleep study and began using a CPAP machine for sleep apnea. On December 16, 2020, Mr. Wilkins received a temporary 30 day certification.

On January 14, 2021, Mr. Wilkins attended another doctor's appointment for the purpose of renewing his CDL. However, a physician assistant, Sydney Golden, refused to clear Mr. Wilkins because his A1C blood level was allegedly over 10%, which relates back to his diabetes, not his sleep apnea. Ms. Golden did not test Mr. Wilkins's blood during that visit. His previous test in December 2020 was under 10%.

On or around January 23, 2021, Mr. Wilkins told Mr. Jenkins that he was having a problem with his medical provider and would need time to get a second opinion. Mr. Jenkins told him to, "do what you need to do." Mr. Jenkins did not give Mr. Wilkins a deadline to get medically certified. On January 26, 2021, Transdev's Human Resources Manager, Ms. Tee Simmons, told Mr. Wilkins that he only had one (1) day to obtain the necessary medical certification. Ms. Simmons was aware of what Mr. Wilkins previously told Mr. Jenkins. Despite this, Transdev terminated Mr. Wilkins on January 27, 2021. On February 1, 2021, Mr. Wilkins had a physical that demonstrated an A1C level of 8.8%.

This situation constitutes discrimination and failure to accommodate under the ADA. To establish a claim for a failure to accommodate, a plaintiff must prove "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodations.' " *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (citations and quotations removed. "A qualified individual is an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." *Id.* (citations and quotations removed). "For purposes of the ADA, reasonable accommodations may comprise job restructuring, part-time or modified work schedules, and permitting the use of accrued paid leave or providing additional unpaid leave for necessary treatment." *Id.* (citations and quotations removed). In this case, Mr. Wilkins only needed a short period of additional leave to seek a second medical opinion; alternatively, Transdev could have allowed Mr. Wilkins to work light duty. Either option would constitute a reasonable accommodation under the circumstances. By terminating Mr. Wilkins instead of accepting either possible accommodation or even engaging in the interactive process to determine what accommodation(s) he needed, Transdev is liable for discrimination under the ADA. Transdev's only argument to the contrary would be that the 24 hour notice period was a reasonable accommodation. It was not.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Raleigh Area Office
434 Fayetteville Street, Suite 700
(919) 856-4064
Website: www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Mr. Herman Wilkins
1512 Quail Ridge Road Apartment L
Raleigh, NC 27609

Re: Mr. Herman Wilkins v. TRANSDEV SERVICES, INC
EEOC Charge Number: 433-2021-02436

EEOC Representative and email:   April Klug
Enforcement Supervisor
april.klug@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally signed by Glory Gervacio Saure
Date: 2022.01.31 22:33:18 -10'00'

Glory Gervacio Saure
Area Director

CC: Sheila Talley, Regional Director HR
3201 Hubbard Road
Hyattsville, Maryland, 20785

Alex Kelly, Attorney
4488 North Shallowford Road Suite 105
Atlanta, Georgia 30338